UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ANNE BRANDON, | } |
| Plaintiff, | } |
| v. | } Case No.: 7:15-cv-01804-RDP |
| GLAXOSMITHKLINE, LLC, | } |
| Defendant. | } |

## MEMORANDUM OPINION

This case is before the court on Defendant's Bill of Costs (Doc. # 117) and Plaintiff's Opposition to Defendant's Bill of Costs (Doc. # 120). The Bill of Costs is now ripe for review. For the reasons explained below, Plaintiff's objections to the Bill of Costs are due to be sustained in part and overruled in part.

I.  **Legal Standards**

Under Federal Rule of Civil Procedure 54, a prevailing party may recover the costs of litigation. Fed. R. Civ. P. 54(d)(1). The categories of taxable costs include clerk and marshal fees, "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," witness and printing fees, copying fees for materials necessarily obtained for use in the case, docket fees, and certain expert and interpretation fees. 28 U.S.C. § 1920. "The presumption is in favor of awarding costs." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). Plaintiff must overcome the presumption that Defendant is entitled to an award of costs. *Crouch v. Teledyne Cont'l Motors, Inc.*, 2013 WL 203408, at *2 (S.D. Ala. Jan. 17, 2013).

Depositions costs incurred, in whole or part, for use in a case are recoverable under § 1920(2). *E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000). But, deposition costs incurred for convenience, thorough preparation, or investigation are not recoverable under § 1920(2). *Id* at 620. In particular, costs associated with depositions submitted in support of summary judgment typically are recoverable. *Id.* at 621. "[W]hen a party notices a deposition to be recorded by nonstenographic means, or by both stenographic and nonstenographic means, and no objection is raised at that time by the other party to the method of recordation . . . , it is appropriate under § 1920 to award the cost of conducting the deposition in the manner noticed." *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 464-65 (11th Cir. 1996).

"Use of information contained in a file is not a prerequisite to finding that it was necessary to copy the file." *W&O, Inc.*, 213 F.3d at 623 (quoting *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 455 (7th Cir. 1998)). Instead, the court must examine "whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *Id.* Importantly, although copies made pursuant to discovery requests are recoverable, *id.*, general copying costs are not recoverable under § 1920. *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996). A party seeking an award of copying costs is responsible for explaining how the photocopies were used. *Crouch*, 2013 WL 203408, at *2.

## II. Analysis of Plaintiff's Objections

In its Bill of Costs, Defendant asks the court to tax the following costs to Plaintiff:

1. Fees for printed and electronically recorded transcripts in the amount of $9,924.56;

2. Witness fees in the amount of $70.78; and

3. Copying and exemplification fees in the amount of $3,243.87.

(Doc. # 117 at 1). Plaintiff objects to all of these requested costs.

### A. Transcript Fees

Plaintiff argues that Defendant's requested transcript fees are excessive because: (1) Defendant ordered two of the transcripts for next day delivery; (2) other transcripts were expedited; (3) Defendant requested condensed copies of certain transcripts; (4) Defendant requested deposition disks and exhibit copies for certain depositions; (5) Defendant paid charges for postage and shipping of the transcripts where electronic delivery was available; (6) Defendant paid for an exhibit binder and tabs in connection with one deposition; and (7) Defendant paid fees for synchronizing video depositions (*See* Doc. # 120 at 3-4). Notably, Plaintiff has not argued that the depositions of John Brandon, Gina Chaney, Tina Rezakhani, Matthew Manlove, Landy Massey, and herself were unnecessary for the case. (*See id.*). Because portions of all seven depositions were submitted with Defendant's Motion for Summary Judgment (Docs. # 83-2, 83-3, 83-6, 83-11, 83-12, 83-13, and 83-15), the court finds that these depositions were necessarily obtained for use in this case. *See Watson v. Lake Cty.*, 492 F. App'x 991, 996 (11th Cir. 2012).

Plaintiff's most consequential objection concerns the fact that five of the seven transcripts include charges for expedited and next day delivery. (Doc. # 117-2 at 3-4, 7-8). Defendant states that the expedited transcripts were necessary because most of the depositions occurred at the end of the discovery period and within thirty days of the dispositive motion deadline. (Doc. # 121 at 2). Notably, however, the depositions of Plaintiff and John Brandon occurred in July and August 2016, months before the dispositive motion deadline. (*See* Docs. # 83-6 at 2; 83-11 at 2). Defendant claims it ordered these transcripts for next day delivery "in an effort to resolve this case expeditiously," but that argument merely underlines that the next day delivery charges were paid for the convenience of advancing Defendant's litigation strategy. (Doc. # 121 at 3).

3

Similarly, Chaney's individual and Rule 30(b)(6) depositions occurred within thirty days of the dispositive motion deadline because of her unavailability for earlier deposition dates.[1] (*See* Doc. # 67 at 1). Since Chaney was employed by Defendant when her depositions were taken, the court concludes that the delay in her depositions was for Defendant's convenience. Therefore, the court declines to award costs to Defendant for expediting transcripts of Chaney's depositions. Nevertheless, the court will award costs for expediting Rezakhani's deposition because (1) Plaintiff sought to depose Rezakhani at the end of the discovery period (*see* Doc. # 66 at 5-6) and (2) Rezakhani's deposition occurred less than a month before Defendant filed its summary judgment motion. *See Ford v. Zalco Realty, Inc.*, 708 F. Supp. 2d 558, 562 (E.D. Va. 2010) (finding expedited deposition transcripts to be reasonable where the depositions occurred approximately a month before the filing of a summary judgment motion).

Defendant's submitted invoices do not include separate fees for expediting the transcripts; rather, they reflect a higher per-page rate for the expedited transcripts. (*See* Doc. # 117-2 at 3-4, 7-9). Moreover, the Bill of Costs offers no evidence regarding Golkow Litigation Services' per-page fee for non-expedited transcripts. (*See id.* at 3-4). The only non-expedited per-page fee reflected in the Bill of Costs is the $3.25 per page fee for Southern Court Reporting. (*Id.* at 9). Because the court finds that certain depositions were necessary for the litigation, but expediting those depositions was unnecessary, the court will reduce the cost award for those depositions to $3.25 per page. Accordingly, the court will award Defendant the following amounts for the depositions:

---

[1] The court is aware that Chaney's deposition could have been scheduled before September 2016. (*See* Doc. # 65-1 at 4) (stating that Plaintiff's counsel cancelled a noticed deposition of Chaney in August 2016). Nevertheless, the record indicates that Chaney's depositions occurred in October 2016, rather than September 2016, at least in part because of scheduling conflicts created by Defendant's employees, including Chaney herself. (*See* Doc. # 65 at 2) (filed September 21, 2016) ("Given the short notice provided and limited availability of Plaintiff's counsel, GSK is unable to find dates that work for Ms. Chaney, GSK's corporate representatives, GSK's client representative, and counsel.").

1. Anne Brandon -- 327 pages x $3.25 per page = $1,062.75;

2. John Brandon -- 108 pages x $3.25 per page = $351;

3. Gina Chaney's Rule 30(b)(6) deposition -- 173 pages x $3.25 per page = $562.25;

4. Gina Chaney's individual deposition -- 501 pages x $3.25 per page = $1,628.25;[2]

5. Tina Rezakhani -- 116 pages x $4.50 per page = $522; and

6. Matthew Manlove and Landy Massey -- $984.75.[3]

Plaintiff's objection to Defendant's request for the costs of copying exhibits is well taken. As a general matter, "the party seeking to tax the costs of copying deposition exhibits bears the burden of showing the necessity for the copies and that they were not made merely for counsel's convenience." *Competitor Liaison Bureau, Inc. v. Cessna Aircraft Co.*, 2011 WL 5358548, at *4 (M.D. Fla. Oct. 17, 2011) (citing *Robinson v. Alutiq-Mele, LLC*, 643 F. Supp. 2d 1342, 1354 (S.D. Fla. 2009), *adopted*, 2011 WL 5358668 (M.D. Fla. Nov. 7, 2011). Here, Defendant offers no explanation for why it needed copies of the deposition exhibits from the court reporter, especially for depositions it noticed and took. (*See* Doc. # 117-2 at 3) (charging $143.85 for copies of exhibits from Plaintiff's deposition). (*See also* Doc. # 121 at 2-4) (arguing why certain deposition costs are recoverable, but failing to address the fees for copying exhibits). Accordingly, the court finds that Defendant has not established the necessity of these copies, and it will not award Defendant the exhibit copying fees, which total $341.55. (Doc. # 117-2 at 3-4, 7-8).

---

[2] The invoice for Chaney's and Rezakhani's depositions includes a combined charge for page copies. (Doc. # 117-2 at 8). The court has determined the number of pages in each deposition by referencing the deposition copies in the Rule 56 record.

[3] Plaintiff objects that it was unnecessary for Defendant to request paper copies of the depositions since electronic delivery was available. (Doc. # 120 at 3-4). Nothing in the record suggests, though, that Defendant could have received reduced rates by accepting electronic copies of the transcripts. Accordingly, this objection is due to be overruled.

In an unpublished opinion, the Eleventh Circuit held that a court cannot award costs for shipping depositions or for binders and tabs. *Watson*, 492 F. App'x at 997. The court agrees with the *Watson* court's reasoning and will sustain Plaintiff's objections to those fees. Likewise, Defendant has made no showing that the condensed copies and deposition disks were necessary for it to receive and utilize the depositions in question. *See E.E.O.C. v. Walker Cty. Bd. of Educ.*, 2013 WL 12251768, at *3 (N.D. Ala. Nov. 19, 2013) (denying an award of costs for similar fees). Finally, while Defendant offers authority to support awarding costs for videotaping depositions, Defendant offers no authority approving an award of costs for synchronizing a videotaped deposition, and courts have denied awarding such costs under § 1920 for such services. *See, e.g.*, *Crouch*, 2013 WL 203408, at *7; *Awwad v. Largo Med. Ctr., Inc.*, 2013 WL 6198856, at *3 (M.D. Fla. Nov. 27, 2013); *Waste Servs., Inc. v. Waste Mgmt., Inc.*, 2007 WL 1174116, at *4-5 (M.D. Fla. Apr. 18, 2007). Therefore, Defendant is not entitled to the requested synchronization fees of $543.75. (Doc. # 117-2 at 5-6).

**B.     Witness Fees**

Plaintiff argues that the court should not award witness fees paid to John Brandon because Defendant submitted a partial transcript of his deposition, John Brandon's testimony was not material to the case, and Defendant has provided no supporting documentation to demonstrate that it paid the witness fee. (Doc. # 120 at 4). The court agrees with Defendant that John Brandon's testimony appeared reasonably necessary when the deposition occurred. (*See* Doc. # 53) (granting Defendant leave to serve a subpoena on John Brandon for a deposition). *See also DiCecco v. Dillard House, Inc.*, 149 F.R.D. 239, 241 (N.D. Ga. 1993) (explaining that deposition costs should be taxed if the deposition appeared reasonably necessary when it occurred). And, contrary to Plaintiff's argument, Defendant submitted a complete transcript of

6

John Brandon's deposition with its summary judgment motion. (Doc. # 82-4). Moreover, the court finds sufficient evidence in the Bill of Costs that Defendant actually reimbursed John Brandon for the witness fee and the mileage costs. Accordingly, Plaintiff's objections to the witness fees are due to be overruled.

    C.    **Copying Fees**

Plaintiff objects to the copying fees requested by Defendant because Defendant has provided insufficient information about the purpose of the copies. (Doc. # 120 at 4-5). Defendant responds that (1) it copied 5,438 pages in response to Plaintiff's discovery requests and 490 pages in response to some of its own discovery requests, and (2) the copying expenses were necessary in light of the number of discovery disputes in this litigation. (Doc. # 121 at 5-6). However, Defendant has not explained whether it photocopied the discovery materials in-house or whether DTI's invoice reflects those copying expenses. (*See id.*). Moreover, neither DTI's invoice nor the spreadsheet of internal copies produced by Defendant's counsel offers any explanation of the purpose for the copies. (*See* Doc. # 117-2 at 15-16). Therefore, because Defendant has not explained the purpose of the copies, Plaintiff's objection to taxing copying fees is due to be sustained. *Crouch*, 2013 WL 203408, at *2.

**III.**     **Conclusion**

After careful review, the court concludes that Plaintiff's objections to the Bill of Costs are due to be sustained in part and overruled in part. The court sustains Plaintiff's objection to taxing costs for expediting the deposition transcripts of Anne Brandon, John Brandon, and Gina Chaney; it overrules her objection to taxing the cost of expediting Tina Rezakhani's deposition. The court also sustains Plaintiff's objections to fees charged for deposition exhibit copying, shipping the depositions, binders and tabs, condensed transcript copies, deposition disks, and

video synchronization.  The court overrules Plaintiff's objection to witness fees.  Finally, the court sustains Plaintiff's objection to copying fees.

In light of the foregoing modifications to Defendant's Bill of Costs, Defendant is entitled to be awarded costs in this action totaling $5,181.78.  An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this January 11, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE